## A. R. McLENNAN, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26730.   Promulgated March 30, 1932.

*W. C. Stevens, Esq.*, and *E. E. Zumwalt, C. P. A.*, for the petitioner.

*E. A. Tonjes, Esq.*, for the respondent.

OPINION.

Lansdon: Upon the record it is clear that the petitioner received assets of the taxpayer in liquidation of his stock in the amount of $7,100. He is liable to the extent of such receipts for any unpaid Federal income and profits taxes of the taxpayer for the year 1921. *Grand Rapids National Bank*, 15 B. T. A. 1166; *Annie G. Phillips et al., Executors*, 15 B. T. A. 1218; affd., *Phillips* v. *Commissioner*, 42 Fed. (2d) 177; 283 U. S. 589. *Robert N. Parrett*, 15 B. T. A. 1313; *Woodley Petroleum Co.*, 16 B. T. A. 253.

The taxpayer's return was filed on March 14, 1922, and four years thereafter, or on March 13, 1926, the statute ran against any tax liability thereon unless extended by waiver or operation of law. The

respondent has produced no waiver extending the time. The petitioner contends that as there is no enforceable liability against the taxpayer for its unpaid taxes for 1921 there can be none against him as a transferee. This might be true, except for section 280(b) of the Revenue Act of 1926, which as to time of assessment thereunder provides as follows: " * * * Within one year after the expiration of the period of limitation for assessment against the taxpayer." The four-year period established in the Revenue Act of 1921 and applicable here expired on March 13, 1926, and the one year after ended on March 12, 1927. The liability assessment was made on February 26, 1927, well within the " one year after " and was timely. *Louis Costanzo et al.*, 16 B. T. A. 1294; *Angier Corporation*, 17 B. T. A. 1376; *National Bank of Commerce*, 19 B. T. A. 1080. Petitioner's counsel on brief relies on section 280(b) (2), which is not in point, since, by its express terms, it applies only when the limitation period ended before the passage of the act. The Revenue Act of 1926 was passed on February 26, 1926, and the taxpayer's limitation period here ended on March 13, 1926, after that date.

The only error pleaded as to the deficiency asserted against the taxpayer for 1921 in the amount of $18,117.19 is that the profit derived from the sale of the oil and gas lease in question was erroneously computed by the Commissioner. Such profit was determined upon the theory that the property was acquired by the Thirty-One Oil Company on March 7, 1916, in exchange for its stock issued at that date. The petitioner contends that, regardless of the date of the issue of stock, the taxpayer did not acquire title to the property until May 2, 1916, when the second producing well was drilled and the taxpayer's obligations under the contract were fully discharged. Whether the transaction was completed at the first or second date is not material, since the consideration in either event was the stock of the taxpayer. All the evidence adduced by the petitioner on this issue relates to the value of the leasehold after the wells were drilled in and is immaterial, since the profit arising from the sale of capital assets must be determined by using the cost of the asset sold as the basis for the computation. The record establishes no cost of the property when acquired or at any other date as a basis for determining gain or loss other than that used by the Commissioner in his determination of the deficiency asserted against the taxpayer. On this issue the respondent is affirmed.

*Decision will be entered under Rule 50.*